26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Ronald R. CICHOS, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3639.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 2, 1994.
Filed: June 7, 1994.
 
 Appeal from the United States District Court for the District of North Dakota.
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald R. Cichos appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 In November 1991, a jury convicted Cichos of being a felon in possession of firearms (a long gun and a shotgun) and ammunition in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). Cichos had two prior California convictions: possession of methamphetamine for sale, and possession of stolen property. Cichos appealed his felon-in-possession conviction, contending that a term of probation for the prior drug conviction prohibited him from carrying concealable weapons, thus permitting him to carry non-concealable weapons, and that his federal conviction for carrying a non- concealable weapon, therefore, violated the Due Process Clause.
 
 
 3
 This court affirmed his conviction, finding that his earlier probation also required him to obey all laws, which would include the federal law forbidding possession of firearms by convicted felons. United States v. Cichos, 966 F.2d 1459 (8th Cir. 1992) (per curiam) (unpublished).
 
 
 4
 On September 20, 1993, Cichos pro se filed this section 2255 motion, seeking a new trial based on "newly discovered evidence." In this motion, Cichos argued that the law of California in effect when he was arrested in North Dakota in August 1990 only prohibited convicted felons from possessing concealable weapons; non- concealable weapons could be legally possessed. Cichos contended, therefore, that he could not be legally convicted of being a felon in possession under section 922(g)(1). Cichos also argued that both his trial counsel and counsel's law firm were ineffective for failing to research pertinent issues of California and federal law, particularly that section 922 had been amended by section 921 to make the federal felon-in-possession law contingent on each state's law. On October 1, 1993, without obtaining the government's response, the district court denied Cichos's motion. Cichos appealed.
 
 
 5
 As Cichos's motion was denied without an evidentiary hearing, we review the denial de novo and must be convinced that the record shows Cichos is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). We find that the district court correctly denied Cichos's motion. This court considered and rejected Cichos's underlying claim on direct appeal, finding that his state probation required him to obey all laws, including federal laws prohibiting felons from carrying firearms. Further, Cichos cannot show he was prejudiced by counsel's alleged lack of diligence in pursuing a meritless claim.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota